IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARLENE RAMBERGER,
: No. 3:08cv1209
            Plaintiff
:
: (Judge Munley)
    v.
:
:
GOVERNMENT EMPLOYEE
INSURANCE COMPANY,
:
            Defendant
:
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Plaintiff Sharlene Ramberger's motion to remand this case, which asserts a bad faith cause of action against the Defendant Government Employee Insurance Company. The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiff had an automobile insurance policy through defendant. (Doc. 1-3, Complaint ¶ 4). In September 2006, plaintiff was involved in an automobile accident and incurred medical costs. (Id. at ¶ 5). Plaintiff asserts that defendant was obligated to provide medical benefits under the terms of the insurance policy. (Id. at ¶ 6). However, defendant refused to provide the benefits. (Id. at ¶ 7). Plaintiff asserts that defendant's actions in denying benefits constitute bad faith under 42 PENN. CONS. STAT. ANN. § 8371.

Thus, plaintiff instituted the instant action in the Court of Common Pleas for Pike County, Pennsylvania. The defendant then removed the action to this court. In the notice of removal, the defendant asserts that this court has diversity jurisdiction in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00. (Doc. 1, Notice of Removal ¶ ¶ 6, 16). Plaintiff has filed a motion to remand, bringing the case to its present posture.

**Discussion**

A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter. 28 U.S.C. § 1441. Pursuant to the diversity jurisdiction statute "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332.

Once a case has been removed, we may remand it if we determine that we lack jurisdiction. 28 U.S.C. § 1447(c). The basis of plaintiff's motion for remand is that the complaint seeks a cumulative total of $70,000, and thus, the jurisdictional threshold of the amount in controversy has not been met.

The burden of establishing jurisdiction in the removal situation rests with the defendant. Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999). As noted above, the defendant asserts that this court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff does not dispute that the parties are diverse, but rather contends that pursuant to the complaint, the amount in controversy is merely seeks $70,000. In this situation, the defendant's burden is to establish that the amount in controversy exceeds the statutory threshold. Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007).[1]

---

[1]The defendant's burden depends on whether the plaintiff's complaint specifically limits the amount in controversy. In cases such as the instant case, where the plaintiff's complaint does limit the amount in controversy

2

Thus, we must determine whether the amount in controversy exceeds $75,000.00. We start our analysis by reviewing the plaintiff's complaint. Angus v. Shiley, Inc., 989 f.2d 142, 145 (3d Cir. 1993). The *ad damnum* clause of the complaint seeks a total of $70,000.00. Specifically, it reads:

> Plaintiffs demand judgment against the defendant for the elements of damages set forth below in the total, cumulative amount of $70,000.00:
> a. Interest on the claims from the date the claims were due at the rate of 12%;
> b. Treble damages on improperly paid and unpaid bills;
> c. Costs and attorney fees for the underlying action as well as the instant action; and
> d. Punitive damages and other such compensatory and/or consequential damages allowed by law.

(Doc. 1-3, Complaint, pg. 5).

Plaintiff argues that because she seeks only $70,000 in the complaint, the amount in controversy requirement is not met. Defendant argues that it has provided evidence that the amount in controversy in fact exceeds $70,000.[2] Plaintiff would have us look no further than the

---

to a sum below the jurisdictional threshold for a proper removal, the removing party must prove to a legal certainty that the amount in controversy exceeds the statutory threshold. Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007).
 Where the plaintiff's complaint does not specifically limit the amount in controversy below the jurisdictional threshold, the case must be dismissed or remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000. Id. Therefore, in this situation the defendant must establish that the plaintiff could in fact recover more than the jurisdictional amount

[2]Plaintiff does not argue, and cites to no authority to support the position that, the request for damages in her complaint will prevent her

3

complaint in determining the amount in controversy. However, we may also examine the notice of removal to determine the amount in controversy. Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (In addition to determining whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court.). In other words, we must "look to see if plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." Morgan v. Gay, 471 F.3d 469, 475 (3d Cir. 2006).

The law provides that:

> [P]laintiffs may limit their claims to avoid federal subject matter jurisdiction. ... There is, however, a broad good faith requirement in a plaintiff's complaint with respect to the amount in controversy. ... Good faith in this context is entwined with the "legal certainty" test, so that a defendant will be able to remove the case to federal by showing to a legal certainty that the amount in controversy exceeds the statutory minium.

Id. at 474 (3d Cir. 2006) (internal quotation marks and brackets omitted). However, "plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." Id. at 477.

Accordingly, we will go beyond the complaint and review the notice of removal to determine the amount in controversy. The notice of removal indicates that after the complaint was filed, defendant paid $90,000 in medical bills that the plaintiff had submitted. (Doc. 1, Notice of Removal, ¶ 12; Doc. 1-5, Ex. E to Defendant's Notice of Removal, Declaration of Platte

---

from obtaining more than that amount in court.

4

B. Moring III, Esquire). Defendant indicated to the plaintiff that the bills were paid to determine if the matter could thus be resolved without further litigation. (Id.). Plaintiff's counsel indicated that the matter could not be resolved because plaintiff sought treble damages. (Id.). As defendant points out, $90,000 times three is $270,000, well above the jurisdictional threshold.

Moreover, defendant notes that it sent a correspondence to plaintiff seeking a stipulation that she would not seek more than $70,000 in total damages. (See Doc. 1-3, page 11, Ex. B to the Notice of Removal). Plaintiff did not respond to the correspondence in the time requested by the defendant. (Doc. 1, Notice of Removal at 3, n.1). Thus, although in the complaint the plaintiff avers that she is seeking nothing in excess of $70,000, and although she also argues in her brief in support of her motion to remand that she seeks no more than $70,000, she will not stipulate with the defendant that she will not seek more than $70,000.

Additionally, defendant argues that we may ignore the claim for $70,000 made in plaintiff's complaint. We agree. The complaint lists this amount although the Pennsylvania Rules of Civil Procedure prohibit a plaintiff from setting forth a specific sum for relief with regard to unliquidated damages. See Penn. R. Civ. Pro. 1021(b) ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum."). Plaintiff seeks damages under the Bad Faith statute, including punitive damages, which are unliquidated.

After a careful review, we find that the amount in controversy threshold has been met. On the one hand, we have an improper demand for a sum certain that will not serve as a limitation on the amount that the

5

plaintiff could potentially receive as damages.  Additionally, plaintiff will not agree with the defendant to stipulate that the amount she seeks is $70,000 or less.   On the other hand, we have the evidence presented by the defendant that the amount in controversy is actually $270,000 plus punitive damages.  Based upon all of these circumstances, we find that defendant has met its burden to establish that the jurisdictional threshold has been met.  Therefore, the motion to remand will be denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SHARLENE RAMBERGER, Plaintiff

v.

GOVERNMENT EMPLOYEE INSURANCE COMPANY, Defendant

No. 3:08cv1209

(Judge Munley)

## ORDER

**AND NOW**, to wit, this 29th day of May 2009, the plaintiff's motion to remand (Doc. 8) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY
United States District Court**