## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARLENE RAMBERGER,** **Plaintiff** | : | **No. 3:08cv1209** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **GOVERNMENT EMPLOYEE INSURANCE COMPANY,** **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

_____Before the court for disposition is Defendant Government Employee Insurance Company's ("GEICO" or "defendant") motion to dismiss the plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiff incurred medical bills as the result of a September 2006 automobile accident. (Id. at ¶ 5). Plaintiff had an automobile insurance policy purchased from GEICO. (Doc. 1-3, Complaint ¶ 4). Plaintiff asserts that defendant was obligated to provide medical benefits under the terms of the insurance policy for injuries sustained in the accident. (Id. at ¶ 6). Defendant, however, refused to provide the benefits according to plaintiff. (Id. at ¶ 7). Plaintiff avers that defendant's actions in denying benefits violate the requirements of the Pennsylvania Motor Vehicle Financial Responsibility law, specifically 75 Pa.C.S.A. § 1797.[1]

---

[1] Section 1797 provides a cause of action for an insured who has been denied first party medical benefits. If the court finds that the medical treatment for which benefits were denied was medically necessary, the

Thus, plaintiff instituted the instant action in the Court of Common Pleas for Pike County, Pennsylvania. Plaintiff asserts a cause of action under 75 Pa.C.S.A. § 1797, *et seq.*[2] She seeks the following: interest on the claims from the date they were due at a rate of 12%; treble damages; costs and attorney fees.

The defendant removed the action to this court and filed a motion to dismiss. Plaintiff filed a motion to remand this action (Doc. 20). The court denied the remand motion on May 29, 2009. The parties then completed the briefing on the instant motion to dismiss, bringing the case to its present posture.

**Standard of review**

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not

---

plaintiff may be entitled to the benefits plus twelve percent interest, costs and attorney fees. 75 PENN. CONS. STAT. ANN. § 1797(b)(6). The statute also creates a Peer Review Organization. If an insurer does not use the Peer Review Organization mechanism established by the statute, and a court later finds that medical benefits should have been paid, treble damages may be awarded to the plaintiff if it is determined that the insurer acted wantonly. 75 PENN. CONS. STAT. ANN. § 1797(b)(4).

[2]Plaintiff's amended complaint asserts a cause of action under 42 PENN. CONS. STAT. ANN. § 1797 *et seq.*, evidently, however, plaintiff seeks to recover under *75* PENN. CONS. STAT. ANN. § 1797 *et seq.* as that is the statute dealing with the issues plaintiff raises and title 42 does not contain a section 1797. Additionally, it is title 75 that the parties address in their briefs.

2

pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaints. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a motion to dismiss, a court generally should

consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

The defendant's motion raises two issues.  First, defendant argues that plaintiff cannot sue under Pennsylvania law for the instant case because it involves payment of benefits under New Jersey law.  Second, it asserts that plaintiff has failed to exhaust her administrative remedies.  We will address each issue in turn.

**I.  Suit under Pennsylvania law for denial/delay of benefits provided for under New Jersey law**

The defendant asserts that the automobile accident at issue occurred in New Jersey.  The payments that plaintiff sought were due under the New Jersey "Deemer Statute" for personal injury protection  ("PIP") provided for under New Jersey law.  Defendant's position is that a Pennsylvania citizen injured in a New Jersey automobile accident does not have a cause of action under the Pennsylvania Motor Vehicle Financial Responsibility Law for denial or delay in payment of New Jersey PIP medical benefits.

Plaintiff's position is that defendant's argument deals with choice of law.  The choice of law issue is based upon defendant's factual representations.  Many of the pertinent facts are not part of the record and no discovery has yet been done.  Therefore, the motion to dismiss should not be granted.  Defendant argues that all the facts we need to decide the merits of this motion are included in the record.  After a careful review, we

4

disagree with the defendant.

Under New Jersey statutory law all automobiles must have insurance for least $250,000 in PIP.  N.J. STAT. ANN. § 39:6A-4.  If a car registered in another state has an accident in New Jersey, the PIP injury protection applies regardless of whether the other state requires less coverage. Martin v. Home Ins. Co., 661 A.2d 808, 809 (N.J. 1995).  For example, in the instant case, defendant states that plaintiff's car was covered by an insurance policy issued in Pennsylvania with PIP coverage of $5,000. Defendant asserts that the accident at issue occurred in New Jersey, and therefore, it paid out much more than the limit of coverage provided by plaintiff's Pennsylvania policy.[3]  It provided the extra coverage pursuant to New Jersey law.   Defendant thus argues that because defendant followed New Jersey law in the provision of benefits, plaintiff cannot now assert a claim based upon Pennsylvania law.  Plaintiff received the benefits of New Jersey law and must also seek relief under New Jersey law if it is available.

Plaintiff asserts that it would be improper at the motion to dismiss stage for the court to accept all the facts asserted by the defendant as many of the facts are not alleged in the complaint.   For example, the complaint does not even allege where the accident occurred, and the whole basis of defendant's argument is that it occurred in New Jersey.[4]

---

[3]Defendant asserts that it has paid over $180,000.00 in medical expenses and over $1,000.00 in interest pursuant to the New Jersey law.

[4]Plaintiff asserts that the defendant relies on the following factual assertions which are not drawn from the Amended Complaint:
        (1) The subject accident occurred in New Jersey;

Plaintiff argues that a motion to dismiss should principally be a legal matter not a factual matter.  The facts that the court may properly examine include the assertions in the complaint, matters of public record and undisputedly authentic documents if plaintiff's claim is based on those documents.  Here, the court is not permitted to examine the facts upon which the defendant bases its motion to dismiss, therefore, the motion should be denied.

We agree with the plaintiff with regard to the matters that a court may consider in deciding a motion to dismiss.  On a motion to dismiss, a court may examine the assertions in the complaint, matters of public record and undisputedly authentic documents if plaintiff's claim is based on those documents.  In Re Burlington Coat Factory Securities Ligit., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Bene. Guar. Corp. v. White Consol., 998 F.2d 1192, 1196 (3d Cir. 1993).

---

(2) GEICO paid all of [plaintiff's] medical expenses;
(3) [Plaintiff] applied for *New Jersey* PIP benefits;
(4) GEICO paid her bills under New Jersey PIP coverage, and administered [plaintiff's] PIP claim under the provisions of the New Jersey deemer statute;
(5) GEICO paid interest on some of the bills;
(6) GEICO paid over $180,000.00 in medical bills and $1,000.00 in interest payments;
(7) [Plaintiff's] insurance policy provided $5,000.00 in PIP benefits; and
(8) The referenced PIP ledger accurately reflects payments that were made.
(Doc. 22, Pl. Oppo. Br. at 6).

Defendant argues that plaintiff has deliberately left out of her complaint pertinent facts in order to hide the legally deficient nature of her claim.  Defendant urges the court to examine the following documents: plaintiff's PIP application and  a document filed by plaintiff in state court before this case was removed--both to establish that plaintiff is a citizen of Pennsylvania and the subject accident occurred in New Jersey; and the declaration page from plaintiff's insurance policy, which indicates that it had a $5,000.00 PIP limit.  Additionally, defendant would have the court rely on a New Jersey Application for Benefits-Personal Injury Protection, and a cover letter from GEICO that states that it is affording plaintiff PIP medical expenses up to $250,000.00, in excess of her Pennsylvania PIP limit of $5,000.00. (Doc. 23-2, Ex. A-1).  Lastly, defendant would have us rely upon an affidavit from one of its senior claims adjusters.  (Doc. 23-2, Ex. A).

We agree that several of these documents can be examined at the motion to dismiss stage.  For example, the court may examine assertions that plaintiff made in a document in state court before the case was removed this court.   It is a matter of public record in addition to being found in the record of this case, and the plaintiff herself originally filed it.  Burlington, 114 F.3d at 1426.   Additionally, the policy at issue can be examined as the case is based upon that and it is referred to in the complaint.  Id.

We cannot, however, examine the Application for New Jersey PIP benefits or the affidavit of defendant's senior claims adjuster.  These documents are not attached to, nor referred to in, plaintiff's complaint.  They are not public records either, and they do not form the basis for

plaintiff's claim.  Without examining the application and affidavit all we are left with are the allegations from the complaint that defendant owed benefits under the policy that it did not pay in violation of Pennsylvania state law.

Accordingly, we find that too many facts are at issue at this point to grant a 12(b)(6) motion to dismiss based on the defendant's arguments. The court cannot determine that plaintiff sought benefits under New Jersey law and that defendant paid the benefits to which she was entitled. These issues are thus better examined on a motion for summary judgment once discovery has been completed.

## II.  Administrative remedies

The defendant's second argument is that the plaintiff has failed to pursue administrative remedies that are available and required under New Jersey law.  N.J. STAT. ANN. 39:6A-5.1; N.J. STAT. ANN. 39:6A-5.2  For the reasons set forth above with regard to the previous issue, this argument must be denied also.  Too many factual issues are involved for the court to rule in defendant's favor at this time.

## Conclusion

The plaintiff's motion to dismiss thus will be denied.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARLENE RAMBERGER, **Plaintiff**

    v.

GOVERNMENT EMPLOYEE
INSURANCE COMPANY, **Defendant**

    :
    :
    :
    :
    :
    :
    :
    :

No. 3:08cv1209

(Judge Munley)

## ORDER

      **AND NOW**, to wit, this 18th day of November 2009, the defendant's motion to dismiss plaintiff's amended complaint (Doc. 15) is hereby **DENIED**.[5]

                                   **BY THE COURT:**

                                   **s/ James M. Munley**
                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**

---

    [5]The motion to dismiss the original complaint (Doc. 5) is denied as moot because an amended complaint was filed.